United States District Court                Southern District of Texas

| | | |
|---|---|---|
| Casey Woods, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action G-07-261 |
| | § | |
| Deep Marine Technology, Inc., | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1.   *Introduction.*

A man hurt his back working on a ship because he did not follow instructions. He says he was forced to do this because his employer rushed him. The employer wins.

2.   *Background.*

Casey Woods sues his former employer, Deep Marine Technologies, Inc., for his injuries on board the *Ocean Pioneer*. Marine works for offshore oil and gas companies, and it occasionally charters boats. Woods managed a small crew on the deck of a boat in support of the laborers working below.

In April of 2007, the *Ocean Pioneer* was Marine's boat. It was digging trenches in the seabed using high-pressure water. When one of the pumps broke, Woods injured his back lifting a hose to connect it to a secondary pump on the deck. While time was wasted in getting the second pump, the diver was not in danger. He claims Marine was negligent for not having the secondary pump ready to use, obliging him to rush.

Marine has moved for summary judgment. First, it says Woods was careless in using his hands – rather than a crane – to lift the hose. Second, it says Woods was not a seaman because Marine had hired the *Ocean Pioneer* but hired it with its crew.

Woods responds that Marine is at least partially responsible. Woods says he was "forced" to hurry since the secondary pump was not ready. He also says he was a seaman under federal law, because Marine had a dive superintendent on board. He claims diving and navigation are inseparable.

3.  *Negligence.*

Marine told Woods and its other employees to lift the hoses with the crane.[1] Woods does not dispute this. Nevertheless, he disregarded the instruction and tried to lift it by hand. He says that no one was "available" to operate the crane but that he could have called someone to do it.[2]

Woods is left, therefore, with the claim that Marine was negligent in not having the pump ready to use. First, it was Woods's job to ensure the pump was connected.[3] Marine was not negligent for his not doing it. Second, he was responsible for informal inspections of equipment.[4] Had he inspected the equipment before this voyage, he could have had the pump connected.[5]

4.  *Seamen.*

Woods does not qualify as a seaman under federal law. To be a seaman, a worker must (a) contribute to the function of the vessel and the accomplishment of its mission, and (b) have a connection to that ship or specific fleet of a substantial duration and nature.[6]

To constitute a "fleet," the ships must be acting together or under common control.[7] Chartering a ship as needed is certainly not a fleet; nor does it constitute common control of the ships.[8] Marine charters boats as it needs them from different sources.

Similarly, the agreement in this case says that the "operation, navigation, and management of the Vessel shall be in the exclusive control and command of the Owners."[9] When a company that occasionally chartered boats to decommission offshore oil wells.

---

[1] (Docket No. 21, Phenix Aff. Ex. C ¶ 4.)

[2] (Docket No. 21, Woods Dep. Ex. A 180:23-181:16.)

[3] (*Id.* at 119:1-3.)

[4] (*Id.* at 132:2-24.)

[5] (*Id.* at 145:5-9.)

[6] *Chandris, Inc. v. Latsis*, 515 U.S. 347, 368 (1995).

[7] *Barrett v. Chevron U.S.A., Inc.*, 781 F.2d 1067, 1074 (5th Cir. 1986).

[8] *See St. Romain v. Indus. Fabrication and Repair Serv., Inc.*, 203 F.3d 376 (5th Cir. 2000).

[9] (Docket No. 21, Master Time Charter Ex. B-3 DMT00075:152-154.)

Because the owner reserved authority to navigate the boat, the court held that the boat was not under the control of the company.[10]

Woods tries to distinguish between contractual and actual control. He claims that the presence of Marine's dive superintendent onboard means that Marine had actual control of the ship since "[d]iving operations must logically work hand-in-hand with vessel operations."[11]

Under this logic, a fisherman who charters a boat qualifies as a crewman if he brings a fishing guide to direct where to go for the fishing and when to shift locations. Diving – like fishing – does not involve navigating the ship. The service company charters ships to have the navigating done by another company – one with the technical skill and mechanical experience. Similarly, a company man – the representative of the oil company from which the well is drilled – on a drill ship may be in charge of the whole operation, but his assistant is not a seaman.

Marine had for a while a requirements contract with the owner of the *Pioneer*. Having a variety of boats from one source or one boat frequently does not convert the service company into a navigation company.

5.  *Conclusion.*

Woods failed check the secondary pump before the dive, and failed to use the crane as instructed. His injury resulted directly from those failures. Also, Woods lacked a substantial connection to a ship under the navigation of Marine; therefore, Woods was not a seaman under the Jones Act. Casey Woods will take nothing from Deep Marine Technology, Inc.

Signed on August 12, 2008, at Houston, Texas.

                                            _____
                                            Lynn N. Hughes    USDJ
                                            United States District Judge

---

[10] *Id.* at 379.

[11] (Docket No. 23 11.)